**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4276**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMIRE DONYE WHITE, a/k/a TJ,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:11-cr-00375-FDW-3)

Submitted:  October 25, 2013          Decided:  November 1, 2013

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.   Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamire Donye White pled guilty to taking by force, violence, and intimidation, a bank card, from a person and presence of another, who was assaulted during commission of the offense and using same card to withdraw currency and aiding and abetting the same, in violation of 18 U.S.C. § 2113(a) & (d) (2006) and 18 U.S.C. § 2 (2006). He was sentenced to 151 months of imprisonment. On appeal, he raises two sentencing issues, whether: (1) the district court properly imposed enhancements under the Sentencing Guidelines and (2) his criminal history points were properly calculated. For the reasons that follow, we affirm.

We review sentences for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. White alleges that the district court erred by enhancing his sentence in various ways under the U.S. Sentencing Guidelines Manual ("USSG") (2012). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

White disputes the district court's application of the Sentencing Guidelines enhancements finding that the property of a financial institution was taken, that a dangerous weapon was

2

used to assault the victim, that the victim was physically restrained, and that White was an organizer, leader, manager, or supervisor of the offense. We find no clear error in the district court's application of these Guidelines enhancements.

In his second issue, White disputes some of his nineteen criminal history points. He concedes on appeal, however, that even if this court granted him relief regarding the disputed points, he would still have a criminal history category of VI, the highest category. Thus, any error by the district court was harmless and this claim also fails.

Accordingly, we affirm White's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED